IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JOSEPH BERNARD WRIGHT,<br><br>Defendant/Movant. | Cause No. CR 11-17-M-DWM<br>CV 16-85-M-DWM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This matter comes before the Court on Defendant/Movant Wright's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The defendant is a federal prisoner represented by Assistant Federal Defender David Ness. The United States filed its answer on August 15, 2016. Wright replied on August 29, 2016.

Wright seeks relief under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), which was made retroactive to final judgments by *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016). He challenges the validity of his conviction and also his designation as a career offender under the United States Sentencing Guidelines.

**I. Procedural Background**

On March 2, 2011, Wright was indicted on one count of "unlawfully us[ing]

1

actual and threatened force to take from the person or presence of B.B." one pound of marijuana, a violation of "18 U.S.C. §§ 1951(a) and 2" (Count 1); and one count of using and brandishing a firearm during and in relation to a crime of violence, or aiding and abetting someone else who did so, a violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 2). Indictment (Doc. 1) at 2-3. Wright pled guilty to Count 2. Pursuant to a plea agreement,[1] the United States dismissed Count 1. Plea Agreement (Doc. 20) at 2-3 ¶ 3.

Wright's mandatory minimum sentence was seven years. *See* 18 U.S.C. § 924(c)(1)(A)(ii); Plea Agreement at 2 ¶ 2. The maximum authorized sentence was life. At sentencing, Wright was designated a career offender under the Sentencing Guidelines. His total offense level was 34, and his criminal history category was VI. Ultimately, the applicable guideline range was 262 to 327 months. Wright received a downward variance and was sentenced to serve 132 months in prison, to be followed by a five-year term of supervised release. Sentencing Tr. (Doc. 45) at 49:1-7; Judgment (Doc. 40) at 2-3.

Wright did not appeal. His conviction became final on November 18, 2011. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

---

[1] In the agreement, Wright waived his right to file a motion under 28 U.S.C. § 2255, with certain limitations. *See* Plea Agreement at 7-8 ¶ 8. The order directing the United States to file an answer to Wright's § 2255 motion stated that "[d]efenses not raised will be deemed waived." Order (Doc. 48) at 2 ¶ 1. The United States does not assert that the plea agreement's waiver applies to the current § 2255 motion. The waiver defense is waived.

2

## II. Legal Background

### A. 18 U.S.C. § 924(e)

In *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) (*"Johnson"* or *"Johnson II"*),the Court considered the meaning of a provision in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA imposes a harsher sentence on a person convicted of a firearms offense if the person has three prior convictions for a violent felony or controlled substance offense. The Act defines a "violent felony" as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B). *Johnson* discussed only the italicized clause, commonly called the "residual" clause.

The Supreme Court found the residual clause so vague that it deprived defendants of fair notice of the consequences of their decisions and so loose that it invited arbitrary enforcement. Therefore, the decision held, federal sentencing courts may no longer enhance a defendant's sentence based on a prior conviction when that conviction qualifies as a "violent felony" only under the residual clause. *See Johnson*, 135 U.S. at 2555-60, 2563.

*Johnson* did not address either subsection (i) or the first line of subsection

(ii) in § 924(e)(2)(B). Those provisions remain valid.

**B. 18 U.S.C. § 924(c)(3)**

Wright challenges his conviction not under the ACCA but under 18 U.S.C. § 924(c)(1)(A) and (iii) for using or carrying and discharging a firearm during and in relation to a "crime of violence." The definition of a "crime of violence" in § 924(c)(3) is not identical to the definition of a "violent felony" in § 924(e)(2)(B), but it is similar:

> (3) For purposes of this subsection [§ 924(c)] the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The Court will assume, for the sake of argument, that the residual clause in § 924(c)(3)(*B*) is unconstitutionally vague for the reasons explained in *Johnson*. *See Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (holding the residual clause of 18 U.S.C. § 16(b), which is virtually identical to § 924(c)(3)(B), unconstitutionally vague under *Johnson*), *cert. granted*, No. 15-1498 (U.S. Sept. 29, 2016).[2] But, even so, Wright's conviction and sentence under § 924(c) would

---

[2] On June 26, 2017, the Supreme Court adjourned without deciding the case. It will be

4

still be valid if the "crime of violence" he committed "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(*A*).

For the following reasons, Wright's conviction and sentence remain valid after *Johnson*.

## IV. Analysis

### A. Wright's Predicate Crime Was Hobbs Act Robbery

The caption of the Indictment and the text of Count 2, the § 924 count, accused Wright of "robbery affecting interstate commerce, as alleged in Count 1," citing 18 U.S.C. § 1951(a). Indictment (Doc. 1) at 1, 3. In turn, Count 1 accused Wright of "us[ing] actual or threatened force to take from the person or presence of B.B. . . . personal property . . . thereby obstructing, delaying, and otherwise affecting commerce, in violation of 18 U.S.C. §§ 1951(a) and 2." *Id.* at 2. In the plea agreement, Wright acknowledged that he "committed the crime of robbery affecting commerce as charged in Count I of the indictment." Plea Agreement (Doc. 20) at 3 ¶ 4; *see also* Offer of Proof (Doc. 22) at 2 (listing elements of Count 2); 18 U.S.C. § 1951(b)(1) (defining robbery).

The predicate crime for Wright's conviction under § 924(c), therefore, is robbery as defined by the Hobbs Act. To prevail on his § 2255 motion, Wright

---

reargued in the next Term.

must show that robbery under the Hobbs Act is not a "crime of violence."

### B. Hobbs Act Robbery is a Crime of Violence

The parties agree that *United States v. Mendez*, 992 F.2d 1488 (9th Cir. 1993), is a relevant precedent. They disagree about what it means.[3] *Mendez* held that *conspiracy* to commit a Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(B). *See Mendez*, 992 F.2d at 1491-92. After *Johnson*, that conclusion is at least questionable.

But before considering the status of *conspiracy* to commit a Hobbs Act robbery, the *Mendez* court stated that a Hobbs Act *robbery* is a crime of violence under § 924(c)(3)(*A*). It said:

> Robbery indisputably qualifies as a crime of violence. *See* 18 U.S.C. § 1951(b)(1) (containing element of "actual or threatened force, or violence").

*Mendez*, 992 F.2d at 1491.

---

[3] Although Wright asserts that "the analysis employed by the court in *Mendez* is no longer valid" after *Johnson*, *see* Mot. § 2255 (Doc. 47) at 14 n.7, he uses *Mendez* to suggest the Hobbs Act is indivisible—that is, that it defines one crime with one set of elements and various means of meeting those elements. Wright quotes *Mendez*'s observation that the Hobbs Act "defines a crime using several permutations, any one of which constitutes the same offense." *Mendez*, 992 F.2d at 1490, *quoted in* Mot. § 2255 at 14. And, to show that a defendant can be convicted under the Hobbs Act even where there is *no* use or attempted or threatened use of physical force, he cites Hobbs Act extortion cases. *See* Mot. § 2255 at 16 (citing *United States v. Villalobos*, 748 F.3d 953 (9th Cir. 2014); *United States v. Sturm*, 870 F.2d 769 (1st Cir. 1989)). These cases are relevant only if *Mendez* dictates that literally all Hobbs Act "permutations" constitute "the same offense," so that robbery and extortion are different means of committing one crime, viz., unlawfully obtaining the property of another by physical force or unlawful threats.

As explained below, *Mendez* has been treated and should be read as reasoning that the Hobbs Act is divisible (whether that conclusion is right or wrong).

6

The parenthetical phrase describing robbery as containing an "element" of "actual or threatened force, or violence" refers to § 924(c)(3)(A)'s requirement that a crime of violence have, "as an element, the use, attempted use, or threatened use of physical force." The *Mendez* court's characterization of Hobbs Act robbery as a crime of violence under § 924(c)(3)(A) has been treated as binding precedent in the Ninth Circuit. *See, e.g., United States v. Howard*, 650 Fed. Appx. 466, 468 (9th Cir. 2016); *United States v. Allen*, 425 F.3d 1231, 1234 n.3 (9th Cir. 2005); *United States v. Shivers*, 172 F.3d 60, 1999 WL 77960 (9th Cir. Feb. 16, 1999) (unpublished mem. disp.).

It is true that *Mendez* announced its rule "without any analysis of the elements of robbery as defined in the Hobbs Act." *United States v. Chandler*, 743 F.3d 648, 658 (9th Cir. 2014), *vacated*, __ U.S. __, 135 S. Ct. 2926 (2015) (vacating and remanding in light of *Johnson*). The decision might be "illogical" or "questionable." *Chandler*, 743 F.3d at 658. But, even if it is, that does not license this Court to ignore it.

Under the Ninth Circuit's ruling in *Mendez*, a Hobbs Act robbery is a crime of violence under the force clause, § 924(c)(3)(A). *Johnson* has no bearing on § 924(c)(3)(A). If *Mendez* is still good law, it defeats Wright's § 2255 motion.

**C. As to Robbery, *Mendez* Remains Good Law in the Ninth Circuit**

Wright's conviction under § 924(c) is not subject to challenge if the portion

7

of *Mendez* holding a Hobbs Act robbery to be a crime of violence under § 924(c)(3)(A) remains good law. Generally, a published decision of the Ninth Circuit Court of Appeals is binding authority that "must be followed unless and until overruled by a body competent to do so." *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). Neither the Ninth Circuit nor the Supreme Court has overruled any part of *Mendez*.

But a published decision loses its precedential force when subsequent binding precedent has "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (quoting *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc); *Hart*, 266 F.3d at 1170; *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc), *overruled in part by Gonzalez*, 677 F.3d at 389 n.4). In that case, district courts are instead required to "consider themselves bound by the intervening higher authority and reject the prior opinion . . . as having been effectively overruled." *Gonzalez*, 677 F.3d at 389 n.4.

Therefore, the question is whether *Mendez* is "clearly irreconcilable" with any of the more recent decisions on categorical and modified categorical analysis that Wright invokes: *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016); *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013); *Johnson v. United*

8

*States*, 559 U.S. 133 (2010) ("*Johnson I*"); *Leocal v. Ashcroft*, 543 U.S. 1 (2003); and the various circuit decisions applying these cases. *See generally* Mot. § 2255 at 11-19.

### 1. *Mendez* Can Be Reconciled With *Mathis* and *Descamps*

*Mendez* was decided many years before the Supreme Court clarified, in *Descamps* and again in *Mathis*, that "the first task for a sentencing court faced with an alternatively phrased statute is . . . to determine whether its listed items are elements or means." *Mathis*, 136 S. Ct. at 2256. The distinction between elements and means is important because it indicates whether a particular statute indivisibly defines one indivisible crime, merely allowing for different ways of proving its elements, or, instead, whether a statute is divided into multiple crimes, each with its own discrete set of elements. Whether a statute defines one crime with various means of committing it or two or more distinct crimes with different sets of elements matters because *every* means of committing a particular crime must qualify as a "crime of violence" if *any* means of committing it is to be one. *See Mathis*, 136 S. Ct. at 2248-49, 2256; *Almanza-Arenas v. Lynch*, 815 F.3d 469, 476-79 (9th Cir. 2015) (en banc); *Ramirez v. Lynch*, 810 F.3d 1127, 1134-38 (9th Cir. 2016). When a statute is divisible, therefore, not every conviction incurred under the statute must have the use or attempted or threatened use of physical force as an element.

As related to the Hobbs Act, for instance, if the Act is indivisible, every instance of violating the Act must involve force, and plainly that is not the case. *See, e.g.*, 18 U.S.C. § 1951(b)(2) (defining extortion under color of official right, that is, inducing a victim to part with property by wrongfully threatening to use an office to the victim's detriment). But if the Hobbs Act is divisible—say, into robbery or extortion—then a Hobbs Act robbery might be a "crime of violence" while a Hobbs Act extortion is not.

*Mendez* contains some language suggesting the Hobbs Act is indivisible. The court says the Act "defines a crime using several permutations, any one of which constitutes *the same offense*." *Mendez*, 992 F.2d at 1490 (emphasis added). Taken literally, this statement would seem to mean that § 1951(a) is indivisible, at least as to some of the terms used in the subsection.

But the reasoning of the opinion suggests this statement should not be taken literally:

> A person may be convicted for violating § 1951 if he interferes with interstate commerce by robbery, extortion, attempting or conspiring to rob or extort, or committing or threatening violence in furtherance of a plan or purpose to violate the statute. Thus the question arises whether every permutation of § 1951 must be a "crime of violence" to find categorically that a § 1951 offense is a "crime of violence," or whether a categorical finding requires only that the particular permutation for which the defendant is convicted be a "crime of violence."

*Id.* In other words, although it did not use the same terms as *Descamps* and

*Mathis*, *Mendez* clearly considered whether § 1951(a) defined multiple crimes—robbery, extortion, conspiracy to commit robbery, etc.—or whether it defined one crime—viz., interference with commerce by wrongful use of force or threats.

Further, *Mendez* concluded that the Hobbs Act defines more than one crime. The court stated that, "where a defendant has been convicted under a statute describing *crimes* [plural] of both violence and non-violence, we need only find that the charged crime for which the defendant was convicted constitutes a 'crime of violence' to conclude categorically that the charged offense may serve as a predicate for a § 924(c) violation." *Mendez*, 992 F.2d at 1491. The court went on to discuss only robbery, not extortion, and it considered robbery and conspiracy to rob separately. Since the court did not consider extortion at all, it necessarily (albeit implicitly) concluded it *did not matter* whether extortion was a crime of violence or not. Therefore, *Mendez* tacitly held that § 1951(a) of the Hobbs Act is divisible and that robbery *and* extortion *and* conspiracy to commit robbery are separate crimes. *See Mendez*, 992 F.2d at 1490-91 (discussing *United States v. Potter*, 895 F.2d 1231 (9th Cir. 1990) (construing Cal. Penal Code § 261(a)(2)), and *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990) (construing first and second paragraphs of 18 U.S.C. § 2113(a)); *see also Callanan v. United States*, 364 U.S. 587, 595-97 (1961) (holding that Hobbs Act conspiracy is separate crime from substantive offenses but declining to consider whether the "repetitive" nature

11

of "some of the substantive sections" indicates they are "variants in phrasing of the same delict").

If *Mendez* had reasoned or assumed that some robberies under the Hobbs Act may be violent and others non-violent, it would indeed be irreconcilable with *Mathis* and *Descamps*. But it is only necessary to translate *Mendez*'s terms into the contemporary parlance and read the opinion as holding, in part, that 18 U.S.C. § 1951(a) is divisible. *Mathis* and *Descamps* do not "undercut the theory or reasoning underlying [*Mendez*] in such a way that the cases are clearly irreconcilable." *Gonzalez*, 677 F.3d at 389 n.4.

### 2. *Mendez* Can Be Reconciled With *Johnson I* (2010)

*Johnson I* holds that a crime cannot be characterized as a "crime of violence" unless its elements require proof the defendant used "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140 (emphasis in original). A crime that may be proved by showing only a *de minimis* use of force, or use of "force" in the common-law sense that includes even an offensive touching, will not suffice. *Id.* at 139.

It is possible that a federal court will one day sustain a conviction for robbery under the Hobbs Act where a defendant takes a collection pouch from the hands of a pizza delivery driver by simply running past the driver and grabbing it out of his hands. In that case, *de minimis* physical force or mere "offensive

touching" would appear to suffice to demonstrate a use of "force" within the definition of robbery in § 1951(b)(1). If and when that happens, *Mendez* might no longer be reconcilable with *Johnson I*. *See Howard*, 650 Fed. Appx. at 468 n.1 (citing *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014), and reserving the issue).

But, so far as Wright can show, that day has not arrived. He cites cases sustaining convictions for *extortion* under the Hobbs Act based on a use of minimal physical force or offensive contact, *see* Mot. § 2255 at 16, but no comparable case sustaining a conviction for Hobbs Act *robbery*. He also cites cases from other jurisdictions construing language identical or very similar to the language of the Hobbs Act and finding their terms met by minimal force or contact.[4] *See* Reply (Doc. 50) at 3-10; *see also, e.g., United States v. Parnell*, 818 F.3d 974, 978-82 (9th Cir. 2016). But he does not cite a case holding that a grab-and-run robbery or a robbery involving a similar degree of force constitutes a violation of the Hobbs Act.

---

[4] One such case is—or was—*United States v. Jones*, 830 F.3d 142, No. 15-1518-cr (2d Cir. July 21, 2016). At the time Wright filed his reply brief, the case held that a conviction for first-degree robbery under New York law, which is similar to the Hobbs Act, was no longer a "crime of violence" under the career offender guideline, U.S.S.G. § 4B1.2(a). *See Jones*, No. 15-1518-cr, Opinion (Doc. 96-1) at 19 (2d Cir. July 21, 2016). But the United States petitioned for rehearing, both on the court's reasoning as to the degree of force under *Johnson I* and as to the application of *Johnson II* to the Sentencing Guidelines. *See generally* U.S. Pet. for Reh'rg (Doc. 108), *Jones*, No. 15-1518-cr (2d Cir. filed Sept. 13, 2106). The court subsequently withdrew its opinion, *see Jones*, 838 F.3d 296 (2d Cir. Oct. 3, 2016), and it is now available only in the electronic record of the case.

Concededly, the language of the Hobbs Act provides some support for Wright's position. *Mendez* quotes 18 U.S.C. § 1951(b)(1) right up to the point where the language begins to raise questions about whether true physical force is really required. *See Mendez*, 992 F.2d at 1490 (cutting off definition of robbery after "by means of actual or threatened force, or violence," and omitting "or fear of injury, immediate or future"). The Hobbs Act does not explain whether the words "injury" and "fear" in the definition of robbery are limited to physical injury or fear of it or, like the words "injury" and "fear" in the definition of extortion, it may include threats of other kinds of harm. *See also infra* n.6.

As the United States points out, the traditional concept of robbery is closely related to physical violence. Black's Law Dictionary "defines 'physical force' as '[f]orce consisting in a physical act, esp. a violent act directed *against a robbery victim*." Resp. to § 2255 Mot. (Doc. 49) at 9 (quoting *Johnson I*, 559 U.S. at 139 (emphasis added) (quoting *Black's Law Dict.* 717 (9th ed. 2009)). But the Hobbs Act's definition of robbery does not follow the traditional concept or even the contemporary generic definition of robbery, i.e., "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the *person*." *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006),[5] *quoted in United States v. Becerril-Lopez*, 541 F.3d

---

[5] This decision was abrogated in part by *United States v. Rodriguez*, 711 F.3d 541, 554-

14

881, 891 (9th Cir. 2008).

Under the Hobbs Act, danger to the person is not an element of robbery. Even immediacy is not an element. "Robbery" reaches the act of taking property by threatening future injury to the property of an absent family member. *See* 18 U.S.C. § 1951(b)(1). Traditionally, that degree of attenuation is characteristic of extortion, not robbery. *See, e.g.*, 3 Wayne R. LaFave, *Substantive Criminal Law* § 20.3(a) intro., at 172-73 (2d ed. 2003); § 20.3(d), at 186-87; 20.4(a)(4) & n.16 at 200-03; § 20.4(b), at 203-04 & n.31.1 (2d ed. 2003 & Supp. 2016-2017) (citing *Becerril-Lopez*, 541 F.3d at 891).

Nonetheless, despite the overlap between the Hobbs Act's definitions of traditionally violent robbery and traditionally non-violent or less-violent extortion, every court of appeals that has considered the issue after *Johnson I* has held that a Hobbs Act robbery necessarily requires proof of the use or attempted or threatened use of physical force against the person or property of another within the meaning of § 924(c)(1)(A). *See, e.g., United States v. Gooch*, 850 F.3d 285, 290-92 (6th Cir.), *cert. denied*, No. 16-9008 (U.S. June 5, 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir.), *pet. for cert. filed*, No. 16-9411 (U.S. May 31, 2017); *In re St. Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Hill*, 832 F.3d 135, 138-39 (2d Cir.

---

55 (5th Cir. 2013) (en banc).

2016).[6]

In view of these numerous opinions, whatever the language of the Hobbs Act may ultimately be held to mean, it is not possible to say that *Johnson I* is "clearly irreconcilable" with the *Mendez* court's holding that Hobbs Act robbery has, as an element, the use or attempted or threatened use of physical force against

---

[6] These decisions do not appear to consider other points of view. For instance, some courts have observed that robbery under the Hobbs Act is mutually exclusive of extortion because robbery is a taking "against the will" of another and extortion involves consent, even if the victim is compelled to make a Hobson's choice. *See, e.g., Gooch*, 850 F.3d at 291; *United States v. Zhou*, 428 F.3d 361, 371 (2d Cir. 2005). But suppose the proprietor of an all-organic restaurant gives conflicting statements about a theft that occurred at her business. In her first statement to investigators, she says the defendant threatened to tell a newspaper reporter where she really purchases her produce and meat unless she gave him the money in the cash register, so she did. Later, she denies she ever said a threat was made. Instead, she says the defendant grabbed her, forced her to open the cash register, and took the money. *Cf. James v. United States*, 550 U.S. 192, 224 (2007) (Scalia, J., dissenting) (explaining why one may view extortion as inherently more likely than burglary to create risk that force will be used). Must the United States persuade a jury unanimously to agree either that the first statement is true or the second statement is true? So long as the jury unanimously agrees the defendant unlawfully obtained the cash by threats *or* violence, and also created at least a *de minimis* impact on interstate commerce, arguably the United States has proved the essential elements of the Hobbs Act. *See Ramirez*, 810 F.3d at 1133 ("[T]he key question we must ask when determining a statute's divisibility is whether a jury would have to be unanimous in finding those separate elements."); *see also id.* at 1135-36.

Further, all violations of the Hobbs Act carry the same maximum penalty. *See Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements."). While not decisive, provision for one penalty range tends to show the Hobbs Act creates one crime: interference with commerce by threats or violence. *But see Callanan*, 364 U.S. at 595-97.

The cited decisions also observe that Congress' decision to define robbery and extortion separately in § 1951(b)(1) and (b)(2) means, or at least suggests, the statute is divisible. But § 1951(b)(*3*) defines "commerce." "Commerce" is neither an element nor a crime. The element that "commerce" speaks to is "obstructs, delays, or affects commerce," 18 U.S.C. § 1951(a), which must be proved in *every* Hobbs Act case. Subsection (b)(3), therefore, is not consistent with the suggestion that (b)(1) and (b)(2) must be mutually exclusive. And, most fundamentally, § 1951(a) contains the language of prohibition ("Whoever . . . shall be fined . . . or imprisoned"), the terms encapsulating the prohibited conduct, and the jurisdictional element. Subsection (b) merely defines "terms" used in subsection (a).

16

the person or property of another.

### 3. *Mendez* Can Be Reconciled With *Leocal*

Finally, Wright argues that the Hobbs Act fails to meet the *mens rea* requirement of *Leocal v. Ashcroft*, 543 U.S. 1 (2003). Analogizing bank robbery under 18 U.S.C. § 2113 to the Hobbs Act, *see United States v. Holloway*, 309 F.3d 649, 651-52 (9th Cir. 2002), he also argues that intimidation would suffice to meet the elements of robbery and that intimidation requires only that the victim experience it, not that the defendant intend to cause it. *See* Mot. § 2255 at 17-19.

On these points, the Court disagrees. Intimidation facilitates a taking when it is perceived as a threat to use physical force. Wright is correct that a victim's perception of a threat does not always mean the defendant made a threat. But the Hobbs Act requires proof that a defendant obtain property "*by* robbery or extortion." 18 U.S.C. § 1951(a) (emphasis added). The statute requires proof, in other words, of goal-driven behavior by the defendant, be it a deployment of force or violence or intimidating threat, for the purpose of compelling or inducing someone to give up property. Such conduct falls within the highest form of intent required by *Leocal*: the use (or attempted or threatened use) of violence or unlawful threats as a means to an end. *See Leocal*, 543 U.S. at 9. *Leocal* is easily reconciled with *Mendez*.

### D. Conclusion: Wright's Motion is Controlled By *Mendez*

As explained, the question is whether *Mendez* is "clearly irreconcilable" with subsequent Supreme Court decisions. The answer to that question is at least "not clearly enough." Its manner of analysis may have been incomplete or even incorrect, but it is not so clearly incomplete or incorrect that this Court is bound to overlook it. Therefore, the Court must follow it.

Because *Mendez* holds that a Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), and because *Johnson* could only be pertinent to § 924(c)(3)(B), *Johnson* does not support relief for Wright. As to Wright's challenge to his conviction under § 924(c), his § 2255 motion must be denied.

### IV. Career Offender Designation Under U.S.S.G. § 4B1.2

*Johnson* also does not confer an entitlement to relief against a career offender designation under the advisory sentencing guidelines. In *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017), the Supreme Court held that the advisory guidelines are not subject to due process challenges on grounds of vagueness. *Id.* at 890. Wright's challenge to his sentence must also be denied.

### V. Certificate of Appealability

A certificate of appealability is not warranted. Even if *Mendez* is no longer good law, that fact would not help Wright to show that he was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). And even if § 924(c)(3)(B) is unconstitutional in light of *Johnson*, *Johnson* has no bearing on § 924(c)(3)(A) or

18

*Mendez.* Further, after *Beckles*, no reasonable jurist could find support for a due process challenge to a sentence imposed under the advisory guidelines.

Accordingly, IT IS HEREBY ORDERED:

1. Wright's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 47) is DENIED;

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Wright files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 16-85-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Wright.

DATED this 31st day of July, 2017.

Donald W. Molloy
United States District Court